ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| **MARC ANDRE CHIFFERT**<br><br>Recurrido<br><br>v.<br><br>**DIANA LYNN ANGLADA JACKS**<br><br>Peticionario | TA2026CE00407 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>**SJ2025CE04193**<br><br>Sobre:<br>Cobro de Dinero |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

Cintrón Cintrón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparece ante este Foro, la señora Diana Lynn Anglada Jacks (señora Anglada Jacks o parte peticionaria) y solicita la revisión de la *Orden* emitida el 10 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante la misma, el TPI denegó la *Moción Solicitando Autorización para Incluir Reconvención* instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

**I.**

Según surge del expediente, el 16 de mayo de 2025, el señor Marc Andre Chiffert (señor Chiffert o parte recurrida) presentó una demanda sobre cobro de dinero, incumplimiento y resolución de contrato, daños y perjuicios, disolución de comunidad de bienes y desahucio ordinario contra la señora Anglada Jacks. Entre otras cosas, alegó que, mediante una escritura de compraventa y designación de hogar seguro suscrita el 9 de febrero de 2024, le vendió a la señora Anglada Jacks una participación o cuota

proindiviso de un 50% sobre un apartamento localizado en Santurce. Añadió que aún se le adeudaba la suma de $175,000.00 y otras cantidades.

La señora Anglada Jacks contestó la demanda el 1 de agosto de 2025. En lo pertinente, negó que el negocio efectuado con el señor Chiffert fue una compraventa parcial, sino una donación-obsequio. En esa dirección, negó que adeudara cantidad alguna. A su vez, razonó que, lo que sería una reconvención compulsoria, ya estaba radicada en el pleito federal (Anglada v. Chiffert, Civil 24-1431) instado en septiembre de 2024 y enmendado al mes siguiente. Ante ello, expresó que, a su entender, no era apropiado litigar en ese momento las mismas reclamaciones en ambos foros.

Tras varios trámites procesales, el 14 de enero de 2026, la señora Anglada Jacks instó una *Moción Solicitando Autorización para Incluir Reconvención*. Adujo que, a raíz de la posibilidad de que múltiples foros resolvieran diferentemente en cuanto a un inmueble objeto del presente pleito, consideraría desistir del caso pendiente en el foro federal, si el Tribunal de Primera Instancia local autorizaba la presentación de la reconvención. Basó su petitorio en la Reglas 11.1 y 11.5 de Procedimiento Civil, *infra,* con el propósito de evitar la multiplicidad de litigios al establecer un mecanismo para dilucidar todas las controversias comunes en una sola acción.

El señor Chiffert tuvo reparos con el petitorio de la reconvención. En esencia, argumentó que, según aceptó la señora Anglada Jacks en la conferencia inicial celebrada el 30 de octubre de 2025, la propiedad objeto del presente litigio no formaba parte de los inmuebles incluidos en el caso federal. Añadió que la señora Anglada Jacks pretendía hacer un "*forum shopping*" y un fraccionamiento indebido de las causas de acción. Sostuvo que la reconvención era una compulsoria y fue renunciada expresamente en este pleito cuando se contestó la demanda. En la alternativa,

arguyó que tampoco se cumplió con el estándar requerido para la presentación tardía de una reconvención permisible.

Mediante *Orden* del 10 de febrero de 2026, el TPI denegó la presentación de la reconvención. En desacuerdo, la señora Anglada Jacks solicitó reconsideración. Expuso que el Tribunal podía autorizar la reconvención por vía de excepción, si existía inadvertencia, negligencia excusable o cuando así lo requiriera la justicia. Añadió que la autorización evitaría un pleito separado entre las mismas partes y la multiplicidad de los procedimientos. Destacó que, cuando incoó la demanda ante el foro federal, no incluyó el inmueble objeto del presente caso porque entendía que no estaba en controversia el hecho de que ambas partes eran dueños en un 50%. Puntualizó que, no fue hasta mayo de 2025, cuando el señor Chiffert instó la demanda de autos, que advino en conocimiento de que este ya no honraba el acuerdo. El 6 de marzo de 2026, el TPI denegó la reconsideración.

Aun insatisfecha, la señora Anglada Jacks acude ante este Foro y le señala al TPI la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE LA PARTE DEMANDADA EN TORNO A LA PRESENTACIÓN DE LA RECONVENCIÓN Y LUEGO DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN DE LA PARTE DEMANDADA.

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte recurrida.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[1] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, págs. 59-60.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

Como se sabe, la reconvención es una de las alegaciones permitidas en un pleito y por medio de ella una parte tiene la oportunidad de solicitar la concesión de un remedio contra la otra parte adversa. Regla 5.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 5.1. En nuestro ordenamiento jurídico se reconocen dos (2) tipos de reconvención; a saber, las permisibles y las compulsorias.

Las reconvenciones permisibles son aquellas reclamaciones

que no surgen del acto, omisión o evento que motivó la interpelación de la parte contendiente. Regla 11.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 11.2. Por el contrario, las reconvenciones compulsorias son aquellas reclamaciones que la parte debe formular en su alegación responsiva siempre que esta surja del acto, omisión o evento que originó la reclamación de la parte adversa y cuya adjudicación no requiera la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Regla 11.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 11.1. Una reclamación es compulsoria: (1) si existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención; (2) cuando los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto; (3) si las cuestiones de hecho y de derecho entre ambas son las mismas; (4) si la doctrina de *res judicata* impedirá una acción independiente, y (5) si ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente. (Cita omitida). *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 424-425 (2012).

En el caso de las reconvenciones compulsorias, como regla general, estas tienen que presentarse al momento en que la parte notifique su alegación responsiva. De lo contrario, la causa de acción se entenderá renunciada. En tal situación, los hechos y las reclamaciones quedarán totalmente adjudicados sin que el demandado pueda presentar posteriormente una interpelación que surja de los mismos eventos. Es decir, aplicará —por analogía— el principio de cosa juzgada y, por consiguiente, los asuntos que pudieron haber sido planteados y no lo fueron se entenderán concluyentes. *Consejo de Titulares v. Gómez Estremera et al.*, supra, pág. 427; *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 333 (2010). Nuestra jurisprudencia ha indicado que el propósito de esta regla es evitar la multiplicidad de litigios al crear un mecanismo en

el que se diluciden todas las controversias comunes en una sola acción. *Íd.*

Ahora bien, existen algunas excepciones que relevan a la parte demandada de presentar una reconvención compulsoria en su contestación a la demanda.

Una reclamación propia para alegarse por reconvención, cuya exigibilidad surja después de la parte haber notificado su alegación, podrá presentarse por la vía de reconvención con el permiso del tribunal. Regla 11.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 11.4. En armonía con lo anterior, cuando la parte que presente una alegación deje de formular una reconvención por descuido, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia, dicha parte podrá, con el permiso del tribunal, formular la reconvención mediante una enmienda  Regla 11.5 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 11.5.

La Regla 13.1  de las de Procedimiento Civil permite a una parte enmendar sus alegaciones cuando por alguna razón válida en derecho ha omitido algo en éstas. *Unidos de Gas v. Sucn. Declet Jiménez*, 196 DPR 96, 117 (2016).[2] Así, las enmiendas pueden ampliar las causas de acción expuestas en la demanda original, añadir una o más causas de acción y clarificar o ampliar una defensa previamente interpuesta. *Íd.*

De la letra de dicho precepto podemos colegir que el tribunal posee amplia discreción para permitir una enmienda a las alegaciones y que nuestro ordenamiento jurídico favorece su concesión. *Colón Rivera v. Wyeth Pharm.,* 184 DPR 184, 204 (2012). Esta norma no puede aplicarse de forma restringida; el foro adjudicador deberá permitir liberalmente las enmiendas a las alegaciones cuando la justicia así lo requiera, aún en etapas

---

[2] Citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. II, pág. 591.

avanzadas de los procedimientos. Véase, *Consejo Cond. Plaza del Mar v. Jetter*, 169 DPR 643 (2006).

No obstante, el ámbito liberal de esta Regla no es uno absoluto. Al momento de permitir una enmienda a las alegaciones se deben ponderar los siguientes factores: (i) el impacto del tiempo transcurrido previo a la enmienda, (ii) la razón de la demora, (iii) el perjuicio a la otra parte, y (iv) la procedencia de la enmienda solicitada. *S.L.G. Font Bardón v. Mini-Warehouse,* supra*,* pág. 334*.* Es decir, la concesión para realizar enmiendas a las alegaciones está condicionada a un sensato ejercicio de discreción.

### III.

En síntesis, la parte peticionaria nos solicita que revoquemos la determinación del TPI de no autorizarle la presentación de la reconvención. Arguye que cuando contestó la demanda de referencia no incluyó la reconvención debido a que cualquier reclamación que existiera en aquel momento contra la parte recurrida era objeto de otro pleito pendiente en el foro federal. Asimismo, esboza que, en ese entonces, desconocía la postura de la parte recurrida con relación a la propiedad localizada en Santurce. Explica que como dicha reclamación ya no forma parte del pleito federal[3] y la controversia no ha sido resuelta, procede que se le permita incoar la reconvención. Añade que la alegación del presente caso instado por la parte recurrida y las alegaciones de la reconvención surgen del mismo acto y no requieren para su adjudicación la presencia de tercero. Precisa que su solicitud se fundamenta en el principio de economía procesal y en la maximización del tiempo y los recursos de las partes involucradas.

Al analizar la determinación del TPI junto al lenguaje de las

---

[3] Del expediente se desprende que la reclamación fue desestimada en su totalidad. Además, surge que la señora Anglada Jacks presentó un recurso apelativo a tales efectos.

Reglas 11.4, 11.5 y 13.1 de Procedimiento Civil, *supra,* los factores esbozados por nuestra jurisprudencia y la conducta procesal hasta entonces manifestada, resolvemos denegar el recurso de referencia. La determinación impugnada constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más conveniente, de acuerdo con las normas de derecho aplicables y los hechos ante su consideración. Nótese que la parte peticionaria conoció de la controversia o inexactitud del alegado acuerdo suscrito con la parte recurrida relacionado al apartamento localizado en Santurce desde que fue notificada de la demanda de referencia. Además, de las alegaciones incluidas en el pleito federal no se desprende ninguna sobre dicho inmueble en específico. Sin embargo, decidió renunciar a la presentación de la reconvención en su contestación a la demanda.

Así las cosas, concluimos que el TPI no abusó de su discreción ni fue irrazonable en forma alguna al dictar la *Orden* en cuestión. Esta tampoco presenta indicios de prejuicio, parcialidad o error craso o manifiesto, ni existe en el expediente criterio o situación alguna que nos mueva a intervenir con la determinación del TPI para evitar un fracaso de la justicia. Regla 52.1 de Procedimiento Civil, *supra,* y Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

### IV.

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones